IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLARENCE J. RUTLAND, | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 12-0637-KD-N |
| CECILIA ANN POPE, <u>et</u> <u>al.</u>, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u>, filed an action under 42 U.S.C. § 1983.[1]  This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2 (c)(1), is recommended to be transferred to the United States District Court for the Northern District of Alabama.

In this action plaintiff sues as defendants, Cecilia Ann Pope, an attorney with a Huntsville, Alabama address; Pride N. Thompkin, an attorney with a Tuscumbia, Alabama address; Ike Harris, a prison official at Kilby Correctional Facility; the Prison Commissioner; Judge Inga Johnson; and Curtis Simpson.  (Doc. 4 at 5-7).  Plaintiff does not give addresses for all Defendants; however, based on the addresses given for Pope and Thompkin, they appear reside in the Northern District of Alabama.  Based on the address given for Harris, he appears to reside in the Middle District of Alabama.

---

[1] Plaintiff is known to have engaged in litigation frequently while he was an inmate with the Alabama Department of Corrections ("ADOC").  <u>Rutland v. St. Clair Chemical Plant CEOs</u>, CA 01-0668-CB-S (S.D. Ala. Mar. 26, 2002) (finding Rutland to be subject to the three-strikes rule of 28 U.S.C. § 1915(g)).  However, it appears that he is no longer incarcerated because when he filed this action, he gave a free-world address in Mobile, Alabama, and ADOC's website no longer reflects that he is in its custody.

The gist of plaintiff's amended complaint is a challenge to his prior conviction rendered in Colbert County in Northern District of Alabama, to which he connects to defendants Pope and Thompkin, who are located in the Northern District.[2]  (Plaintiff also asserts an unrelated claim for inadequate medical care that he received in the Middle District, which he treats in a less developed manner.)[3]  Furthermore, no events giving rise to plaintiff's claims based on his conviction appear to have arisen in this District and no defendant can be determined to be residing in this District.  Plaintiff's only connection to this District appears to be that he is presently residing in this District.

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

A § 1983 action may be brought in

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).  When venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought.  28 U.S.C. § 1406(a).

In the present action, the chief events giving rise to the amended complaint occurred in the Northern District and the addresses given for each defendant connected to those events are in

---

[2] The Court observes that plaintiff's amended complaint is not a model of clarity, and his allegations are presented in a jumbled manner.  Nonetheless, the majority of his allegations appear to concern a conviction and sentence rendered in the Northern District of Alabama despite these shortcomings.

[3] It appears that plaintiff's medical claim should be brought in a separate action and filed with the United States District court in the Middle District of Alabama as it is based on a separate occurrence.

the Northern District.  Moreover, this present action appears to have no connection to this district.  Venue is, therefore, lacking in this District, and appears to be proper in the Northern District.  Considering plaintiff's pro se status, it is recommended, in the interest of justice, that plaintiff's action be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a).  See Kapordelis v. Danzig, 387 F. App'x 905, at **1 (11th Cir.) (unpublished) (affirming the sua sponte transfer, pursuant to § 1406(a), of a pro se prisoner's Bivens action from New York to Georgia),[4] cert. denied, 131 S.Ct. 1481 (2011).

The attached sheet contains important information regarding objections to the report and recommendation.

**DONE** this 29th day of January, 2013.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).